UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAROLYN JOHNSON,<br>Plaintiff,<br>v.<br>NATIONAL STORES, INC., d/b/a<br>Fallas Paredes, CARL WARREN and<br>COMPANY, and J&M SALES OF<br>TEXAS, L.L.C.,<br>Defendants. | No. 3:15-CV-2812-M (BF) |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the district court has referred this case to the United States Magistrate Judge for pretrial management. *See* New Case Notes, ECF No. 1. Before the Court is Defendant J&M Sales of Texas, L.L.C.'s Motion to Compel [ECF No. 19] and Defendants' Amended Motion to Dismiss with Prejudice [ECF No. 25]. For the following reasons, the Court respectfully recommends that the district court should grant Defendants' Motion to Dismiss.

### Background

Carolyn Johnson ("Plaintiff"), appearing *pro se*, brings this negligence and premises liability action against Defendants National Stores, Inc. d/b/a Fallas Paredes, J&M Sales of Texas, L.L.C., and Carl Warren and Company for alleged injuries she incurred as the result of a slip and fall accident at one of Defendants' stores on August 30, 2013. Compl. 2-3, ECF No. 3. Plaintiff's complaint appears to assert jurisdiction pursuant to 28 U.S.C. § 1332(a) on the basis of diversity. *Id.* at 1 ¶¶ 1-2; 28 U.S.C. § 1332. On January 18, 2017, Defendants submitted their first motion to dismiss based on lack of diversity and Plaintiff's failure to appear. Defs.' Mot. 2 ¶¶ 4-5, ECF No. 23. On March 8, 2017, this Court requested Defendants to submit an affidavit or declaration stating

1

the citizenship of all named Defendants. *See* Order 2, ECF No. 24.[1] On March 22, 2017, Defendants filed their Amended Motion to Dismiss [ECF No. 25]. Defendants now move for the Court to dismiss this action with prejudice only for Plaintiff's failure to attend the hearing on their Motion to Compel on January 18, 2017. Defs.' Mot. 2 ¶ 4, ECF No. 25.[2]

On March 23, 2017, the Court ordered Plaintiff to file a response to Defendants' Amended Motion to Dismiss by March 30, 2017. *See* Order 2, ECF No. 27. Plaintiff did not file a response and the time to do so has passed. *See* Docket. The Court warned Plaintiff that failure to file a response would result in a recommendation to the district court to dismiss this case for failure to prosecute pursuant to Federal Rule of Civil Procedure ("Rule") 41(b). Order 2, ECF No. 27; FED. R. CIV. P. 41(b). Therefore, the Court considers Defendants' motion without the benefit of a response.

**Analysis**

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.,* 370 U.S. 626 (1962)). Plaintiff failed to file a response to Defendants' first motion to dismiss and has not filed any correspondence with the Court for almost a year. *See* Docket. Plaintiff did not file a response to Defendants' Motion to Compel or appear at the hearing on January 18, 2017. *See* Minute Entry,

---

[1] The Court finds that jurisdiction is proper pursuant to 28 U.S.C. 1332(a)(1). *See* Defs.' Decl. of Citizenship 1 ¶¶ 1-3, ECF No. 26; 28 U.S.C. §§ 1332(a)(1), 1332(c)(1).
[2] The Court notes that Defendants' motion states that this Court "ordered that Plaintiff's causes of actions against Defendants be dismissed with prejudice." Defs.' Mot. 2 ¶ 4, ECF No. 25. However, the Court did not issue such a ruling.

ECF No. 22. Plaintiff also failed to follow the Court's March 23, 2017, order to file a response to Defendants' amended motion. *See* Order 1-2, ECF No. 27. Accordingly, the undersigned recommends that the district court dismiss this action without prejudice for Plaintiff's failure to prosecute and follow orders of the Court. FED. R. CIV. P. 41(b); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order.") (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). However, the Court does not find that the circumstances justify dismissal with prejudice.[3]

## RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that the district court should **GRANT** Defendants' Amended Motion to Dismiss [ECF No. 25] for failure to prosecute pursuant to Rule 41(b). However, this action should be dismissed *without prejudice*. The district court should deny Defendants' Motion to Compel [ECF No. 19] and Defendants' Motion to Dismiss [ECF No. 23] as moot.

**SO RECOMMENDED**, this _____ day of April, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[3] *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("We will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.").

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).